

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00129-CV

_____

KALEB RAY RUSSELL A/K/A KALEB RAY SANDERSON, Appellant

V.

ASHTON PAIGE WEAVER, Appellee

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-22-0041

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Kaleb Ray Russell a/k/a Kaleb Ray Sanderson attempts to appeal from the trial court's "Final Protective Order" signed March 15, 2022. After we received the record, it was apparent that the underlying suit started with an original petition in a suit affecting the parent–child relationship and that an application for a protective order was filed simultaneously with the petition. The original petition sought a permanent injunction, along with other relief. The final protective order denied "all relief requested in the Application for Protective Order but not expressly granted"; it did not mention the relief that was requested in the petition.

Accordingly, on May 25, 2022, we informed Appellant that we were concerned that we might not have jurisdiction over this appeal from the final protective order because it did not appear to be a final judgment or an appealable interlocutory order. *See* Tex. Fam. Code Ann. § 81.009(c) ("A protective order rendered against a party in a suit affecting the parent–child relationship may not be appealed until the time an order providing for support of the child or possession of or access to the child becomes a final, appealable order."). We stated that unless Appellant or any party desiring to continue the appeal filed with the court, on or before June 6, 2022, a response showing grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

We have received no response and have confirmed that the petition in the underlying suit affecting the parent–child relationship remains pending. Because there

is no final judgment or appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

Per Curiam

Delivered: July 7, 2022